T.C. Memo. 1996-60

UNITED STATES TAX COURT

JAMES V. & MELINDA S. EDMISTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1760-94.          Filed February 15, 1996.

James V. Edmiston, pro se.

<u>Margaret S. Rigg</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b) of the Code and Rules 180,
181, and 182.[1]

_____

[1]All section references are to the Internal Revenue Code in
effect for the taxable year in issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $5,018 and an accuracy-related penalty under section 6662(a) in the amount of $1,004.

The issues for decision are: (1) Whether petitioners are entitled to deduct for the year 1991, Schedule C expenses totaling $27,720;[2] and (2) whether petitioners are liable for the accuracy-related penalty under section 6662 due to negligence or disregard of rules or regulations.

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the exhibits attached thereto are incorporated herein by reference.

Petitioners resided in Redwood City, California, at the time the Petition was filed. Petitioners filed a joint individual income tax return, Form 1040, for the year 1991. Attached to the return is a Schedule C for "Edmiston Enterprises" listing total business expenses of $27,720.

Petitioner, Melinda S. Edmiston did not appear at trial and did not sign the stipulation of facts in this case. Respondent orally moved to dismiss her for failure to properly prosecute her case. Respondent's motion will be granted.

---

[2]Petitioners' entitlement to the "Earned Income" credit under sec. 32 as well as their liability for the tax on self-employment income under secs. 1401-1403 and their entitlement to the deduction under sec. 164(f) of one-half the amount, if any, of any self-employment tax imposed, is dependent upon our resolution of this issue.

We decide this case based upon the basic principle that the burden of establishing error in the deficiency notice or establishing claims raised in the petition or at trial rests upon petitioner.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Apart from the few facts that were stipulated, there is no probative evidence in the record.  Almost all of Mr. Edmiston's testimony at trial may be characterized as tax "protester" rhetoric.  He questioned the validity of his joint individual income tax return because of the absence of OMB (Office of Management and Budget) numbers from Form 1040 and stated his belief that only Federal employees are subject to Federal income tax.  We see no need to address these or similar arguments of petitioner.  See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Petitioner, in response to a question by the Court, did testify that during the year 1991 he was involved in certain "business ventures".  He testified that he was "selling land in LA for a company named EIC" and doing "undercover work" for banks.  Petitioner further testified that he had "substantial" expenses, connected with these activities, that he correctly reported.  At trial, however, Mr. Edmiston presented no documentation to substantiate any of his claimed Schedule C expenses.

Petitioner has failed to carry his burden of proof and respondent's determinations are therefore sustained.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.